UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIMITRIY SIMONOFF,

    Plaintiff,

v.

EXPEDIA, INC.,

    Defendant.

Case No. C09-1517RSL

ORDER DENYING
MOTION TO REMAND

## I. INTRODUCTION

This matter comes before the Court on plaintiff's motion to remand this case to King County Superior Court. Plaintiff contends that defendant improperly removed the case. Plaintiff was a user of defendant's website travel service, which requires users to agree to the terms in a form contract. A forum selection clause in that contract states, "You hereby consent to the exclusive jurisdiction and venue of courts in King County, Washington, USA, in all disputes arising out of or relating to the use of this Website."[1] According to plaintiff, the clause means that King County Superior Court is the exclusive forum for any such suits. For the reasons set forth below, the Court denies the motion.

---

[1] Declaration of Phillip Bock, (Dkt. #13-3) ("Bock Decl."), Ex. A at p. 10.

ORDER DENYING
MOTION TO REMAND - 1

## II. DISCUSSION

In June 2009, plaintiff filed this action in state court in Lake County, Illinois (the "Illinois action"). Defendant removed the case to the United States District Court for the Northern District of Illinois. After defendant moved to dismiss the case based on the forum selection clause, plaintiff voluntarily dismissed the suit. He then refiled it on September 30, 2009 in King County Superior Court. Defendants promptly removed the case to this Court.

As the party asserting federal court jurisdiction, defendant has the burden of proving that it exists. McNutt v. General Motors Acceptance Corp. of Indiana, 298 U.S. 178, 189 (1936). Undisputedly, the case involves a federal question: plaintiff alleges violations of the Fair and Accurate Credit Transactions Act of 2003 amendment ("FACTA") to the Fair Credit Reporting Act ("FCRA"). The only dispute is whether the forum selection clause permits removal.

Federal law governs the interpretation of a forum selection clause. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Under federal law, the Court turns to general principles of contract interpretation for guidance. Doe 1 v. AOL, LLC, 552 F.3d 1077, 1081 (9th Cir. 2009). The primary rule of interpretation is that contract terms will be given their ordinary meaning. See Hunt Wesson Foods, Inc. v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987). "[W]hen the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself." Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210 (9th Cir. 1999).

In this case, by eschewing permissive language and identifying a single geographic area, the parties clearly intended that the clause have mandatory effect. The parties do not argue that the clause is ambiguous, although they argue over its meaning. "That the parties dispute a contract's meaning does not render the contract ambiguous; a contract is ambiguous if reasonable people could find its terms susceptible to more than one interpretation." Doe 1, 552 F.3d at 1077 (internal quotation and citation omitted). Although plaintiff contends that King County Superior Court is the exclusive forum for any such suits, the clause does not say that.

Instead, it requires filing "in King County, Washington." Courts interpreting similar language have explained that specifying courts "in" an area rather than identifying courts "of" a particular jurisdiction is determinative. In *Doe I*, the Ninth Circuit explained that a forum selection clause designating the courts "of Virginia" meant only the state courts of Virginia. Doe 1, 552 F.3d at 1082; id. at 1082 n.8 (distinguishing the use of the word "of" from "in," which means "'inclosed or surrounded by limits, as in a room; also meaning for, in and about, on, within etc. . . .'") (quoting Black's Law Dictionary 758 (6th ed. 1990)).[2] Although plaintiff urges the Court to read the clause to require suit in "courts *of* King County," doing so would be inconsistent with the plain language and with *Doe 1*. The reasoning of *Doe 1* shows that the use of the word "in" refers to both state and federal courts within the identified geographic boundary. This Court is located in King County, Washington, and it is a court within the geographic boundary identified by the clause.

Plaintiff also argues that "exclusive jurisdiction" can only lie in one court, so the clause must refer only to King County Superior Court. However, the clause refers to "courts," plural, which undermines plaintiff's claim that the parties intended to designate a single court. Although plaintiff contends that the reference to an exclusive venue and jurisdiction can only mean King County Superior Court, he cites no authority in support of that contention.

Plaintiff also contends that defendant's conduct evidences an intent to preclude federal court jurisdiction. Plaintiff's contention that defendant sought to transfer the Illinois action to King County Superior Court is belied by the record, which shows that Expedia moved to dismiss, not to transfer, that action. Although plaintiff argues that Expedia should be estopped from arguing that this court is the proper forum, Expedia has never contended that King County Superior Court is the proper forum. To the contrary, it has twice removed this dispute to federal

---

[2] See also Alliance Health Group, LLC v. Bridging Health Options, LLC, 553 F.3d 397, 399-400 (5th Cir. 2008) (holding that a forum selection clause providing for "exclusive venue" in "Harrison County, Mississippi" included the federal court located in that county); Silo Point II, LLC v. Suffolk Constr. Co., 578 F. Supp. 2d 807, 811 (D. Md. 2008).

court.[3]

### III. CONCLUSION

For all of the foregoing reasons, the Court DENIES plaintiff's motion to remand (Dkt. #13).

DATED this 28th day of January, 2010.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[3] Plaintiff also notes that in moving to dismiss the Illinois action, defendant argued that plaintiff had consented to the exclusive jurisdiction and venue of courts "of King County, Washington, USA." Bock Decl., Ex. 3. Defendant's inadvertent use of the word "of" instead of "in" in its memorandum does not change the plain language of the contract. Nor does it subject defendant to estoppel.

ORDER DENYING
MOTION TO REMAND - 4