1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DIMITRIY SIMONOFF, individually and on
behalf of a class,

               Plaintiff,

      v.

EXPEDIA, INC.,

            Defendant.

CASE NO.: 09-CV-1517-RSL

**MOTION TO DISMISS
CLASS ACTION COMPLAINT**

<u>**Note on Motion Calendar:**</u>
April 2, 2010

## <u>Table of Contents</u>

<u>Page</u>

I.      PRELIMINARY STATEMENT ............................................................... 1

II.     BACKGROUND .................................................................................... 3

III.    ARGUMENT ......................................................................................... 4

        A.      Applicable Legal Standards ...................................................... 4

        B.      Plaintiff Does Not Allege And Cannot Plead Any Violation Of FACTA ............. 5

                1.      Plaintiff's Allegation That He Received A Computer Generated
                        Receipt Does Not Support A Claim Under FACTA ................................... 6

                2.      Plaintiff's Allegation Of "Recklessness" Is Insufficient To Plead A
                        Willful Violation Of FACTA .............................................. 12

IV.     CONCLUSION .................................................................................... 15

**MOTION TO DISMISS**
**CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517- RSL
3816714_9.DOC

- i -

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

## **Table of Authorities**

**Page(s)**

### CASES

*Ashcroft v. Iqbal*,
   129 S. Ct. 1937 (2009)...............................................................................4, 14

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).................................................................................4, 5,14

*Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*,
   467 U.S. 837 (1984)........................................................................................12

*Ehrheart v. Lifetime Brands, Inc.*,
   498 F. Supp. 2d 753 (E.D. Pa. 2007) ............................................................14

*Farmer v. Brennan*,
   511 U.S. 825 (1994) .......................................................................................13

*Forbes v. Napolitano*,
   236 F.3d 1009 (9th Cir. 2000) .......................................................................15

*Grabein v. Jupiterimages Corp.*,
   No. 07-22288-CIV, 2008 WL 2704451 (S.D. Fla. July 7, 2008),
   *aff'd and adopted*, 2008 WL 2906866 (S.D. Fla. July 28, 2008) ...............6, 7, 8

*Haslam v. Federated Dep't Stores, Inc.*,
   No. 07-61871-CIV, 2008 WL 5574762 (S.D. Fla. May 16, 2008)...................6

*King v. MovieTickets.com, Inc.*,
   555 F. Supp. 2d 1339 (S.D. Fla. 2008) .......................................................6, 15

*Leadsinger, Inc. v. BMG Music Publ'g*,
   512 F.3d 522 (9th Cir. 2008) ...........................................................................5

*Narson v. GoDaddy.com, Inc.*,
   No. CV-08-0177-PHX-SRB, 2008 WL 2790211 (D. Ariz. May 5, 2008) ............... *passim*

*Oregon Natural Resources Council, Inc. v. Kantor*,
   99 F.3d 334 (9th Cir. 1996) ...........................................................................10

*Romano v. Active Network Inc.*,
   2009 WL 2916838 (N.D. Ill. Sept. 3, 2009) ...............................................7, 10

*Safeco Ins. Co. of Am. v. Burr*,
   551 U.S. 47 (2007)...................................................................................3, 13, 14

*Salazar v. Golden State Warriors*,
   124 F. Supp. 2d 1155 (N.D. Cal. 2000) .........................................................12

*Shlahtichman v. 1-800 Contacts, Inc.*,
   No. 09 CV 4032, 2009 WL 4506535 (N.D. Ill. Dec. 2, 2009) ................. *passim*

**MOTION TO DISMISS**
**CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

-ii-

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

*Smith v. Under Armour, Inc.*,
  593 F. Supp. 2d 1281 (S.D. Fla. 2008) ................................................................6, 8

*Smith v. Zazzle.com, Inc.*,
  589 F. Supp. 2d 1345 (S.D. Fla. 2008) .................................................. *passim*

*Steinberg v. Stitch & Craft, Inc.*,
  No. 09-60660-CIV, 2009 WL 2589142 (S.D. Fla. Aug. 18, 2009) ....................14

*Turner v. Ticket Animal, LLC*,
  No. 08-61038-CIV, 2009 WL 1035241 (S.D. Fla. Apr. 16, 2009) .......... *passim*

*United States v. Diaz*,
  499 F.2d 113 (9th Cir. 1974) ......................................................................15

*Vasquez-Torres v. Stubhub, Inc.*,
  No. CV 07-1328 PSG, 2007 U.S. Dist. LEXIS 63719 (C.D. Cal. July 2, 2007)...............9

*Wojtczak v. Chase Bank USA, N.A.*,
  No. 06-C-987, 2007 WL 4232995 (E.D. Wis. Nov. 27, 2007).........................14

**STATUTES**

15 U.S.C. § 1681c(g) ........................................................................... *passim*

15 U.S.C. § 1681g(c) ..............................................................................10

15 U.S.C. § 1681g(e) ..............................................................................10

15 U.S.C. § 1681n..........................................................................3, 6, 13

**LEGISLATIVE MATERIALS**

147 Cong. Rec. S9078-01, S9079 (daily ed. Sept. 4, 2001) ......................11

149 Cong. Rec. S134-02, S146 (daily ed. Jan. 9, 2003) ............................11

149 Cong. Rec. S1669-02, S1675 (daily ed. Jan. 28, 2003) ....................2, 11

154 Cong. Rec. H3732 (daily ed. May 13, 2008) ....................................2, 10

S. Rep. No. 108-166 (2003) ...................................................................11

*The Fair Credit Reporting Act and Issues Presented By Reauthorization of
  the Expiring Preemption Provisions, Before the Comm. on Banking,
  Housing and Urban Affairs*, 108th Cong., (2003) ................................11

**MOTION TO DISMISS
CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Expedia, Inc. ("Expedia") hereby moves to dismiss the purported class action complaint filed by Dimitriy Simonoff ("Plaintiff") in this action for failure to state a claim.

## I.    PRELIMINARY STATEMENT

This putative class action asserts just one claim, based on an alleged violation of the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g)(1) ("FACTA").  Plaintiff contends that Expedia violated FACTA by emailing him a receipt that allegedly displayed the expiration date of his credit card.  *See* ¶ 18.[1]  In all but one of the cases to consider the issue since the effective date of the Credit and Debit Card Receipt Clarification Act of 2007 ("Clarification Act"), federal courts have dismissed complaints virtually identical to Plaintiff's here for failure to state a claim on the grounds that emailed receipts are not subject to FACTA. Most recently, Judge Darrah in the Northern District of Illinois dismissed a FACTA complaint with prejudice*,* holding that FACTA is not violated where the plaintiff transacted business over the Internet and received an electronic receipt by email.  *See Shlahtichman v. 1-800 Contacts, Inc.*, No. 09 CV 4032, 2009 WL 4506535, at *5 (N.D. Ill. Dec. 2, 2009).[2]  This case is no different, and the result should be the same.[3]

Like the plaintiff in *Shlahtichman*, Plaintiff here relies on a provision in the statute that makes it unlawful for a business to provide its customers, "at the point of the sale or transaction,"

---

[1] Citations to "¶" herein are to the Class Action Complaint filed in King County Superior Court on September 30, 2009, attached as Exhibit A to Expedia's Notice of Removal (Dkt# 1), filed on October 26, 2009.

[2] *See also Smith v. Zazzle.com, Inc.*, 589 F. Supp. 2d 1345 (S.D. Fla. 2008) (same); *Narson v. GoDaddy.com, Inc.*, No. CV-08-0177-PHX-SRB, 2008 WL 2790211 (D. Ariz. May 5, 2008) (same); *and see* additional cases cited *infra* at 6 n.7.

[3] Notably, the complaint in *Shlahtichman* was filed by the same counsel representing Plaintiff here, attorneys Bock & Hatch and Anderson & Wanca (2009 WL 4506535, at *1), who, with Mr. Simonoff and another member of his family, seem to be making FACTA complaints against businesses offering Internet-based services their own cottage industry.  *See, e.g.*, *Dimitriy Simonoff v. Crowley*, No. 09-CV-4371 (N.D. Ill.) (Hibbler, J.) (filed June 9, 2009; voluntarily dismissed while a motion to dismiss was pending); *Marina Simonoff v. Kaplan*, No. 09-CV-5017 (N.D. Ill.) (Hibbler, J.) (filed July 7, 2009; motion to dismiss pending).  In none of these cases do the plaintiffs claim to have suffered actual damages from the conduct alleged in their complaints.

MOTION TO DISMISS
CLASS ACTION COMPLAINT
CASE NO.: 09-CV-1517- RSL
3816714_9.DOC

- 1 -

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1   full credit card account numbers and expiration dates on receipts "print[ed]" on a "cash register"

2   or similar device.  15 U.S.C. § 1681c(g)(1), (g)(3)(A); *see* ¶¶ 9, 14, 27.  But, as the *Shlahtichman*

3   court held,

4       E-mail order confirmations are not entitled to FACTA protection
        for the following reasons.  First, e-mail order confirmations are not
5       "electronically printed" receipts under FACTA.  Second, an e-mail
        order confirmation is not provided "at the point of the sale or
6       transaction" under FACTA.

7   2009 WL 4506535, at *2.  Similarly, in *Narson*, Judge Bolton from the District of Arizona

8   dismissed a FACTA complaint like Plaintiff's with prejudice, holding that "[t]he plain language

9   of § 1681c(g) shows that it does not apply to a merchant's generation of an Internet webpage or

10  the onscreen display of information, which may be printed by the consumer on his or her own

11  printer."  2008 WL 2790211, at *6.  This reading of FACTA comports with the obvious purpose

12  of the Act, which is to prevent criminals from using *discarded* credit-card receipts to commit

13  identity theft.[4]

14      Here, Plaintiff admits that he received only "a computer-generated receipt" (¶ 18), *not* a

15  printed hard copy.  Plaintiff does not—because he cannot—allege that Expedia has retail

16  locations, uses "cash registers," or "provide[s] to the card holder at the point of sale or

17  transaction" printed hard copies of customer bookings, confirmations, or receipts.  In fact, before

18  the "receipt" he received could be discarded or made available for others to find, Plaintiff would

19  have to *print it himself*.  As the cases cited herein reflect, there is nothing to suggest that

20  Congress intended FACTA to cover such a scenario.

21      Moreover, like the plaintiffs in *Shlahtichman* and *Narson*, Plaintiff here does not contend

22  that he suffered any actual damages from the alleged violation.  Instead, he seeks to recover

23

24  [4] *See, e.g.*, 149 Cong. Rec. S1669-02, S1675 (daily ed. Jan. 28, 2003) (statement of Sen.
    Feinstein) (discussing related bill S. 223, containing the same provision; truncation requirement
25  "prevents identity thieves from stealing credit card numbers by retrieving discarded receipts");
    154 Cong. Rec. H3731 (daily ed. May 13, 2008) (Statement of Rep. Bean) (discussing the
26  Clarification Act HR4008, emphasizing that FACTA's purpose is to "eliminate[] one avenue for
    these criminals to steal account numbers by prohibiting the printing of full account numbers on
27  paper receipts").

**MOTION TO DISMISS**                                    -2-
**CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

under the FACTA provision that allows statutory and punitive damages if, and only if, a plaintiff pleads and proves a "willful" violation of the statute. 15 U.S.C. §§ 1681n(a)(1)(A), (a)(2). Plaintiff does not allege willfulness, however, asserting only the conclusory allegation that Expedia "*recklessly* disregarded FACTA's requirements." ¶ 37 (emphasis added). Plaintiff's allegation—wholly devoid of factual support—does not even meet the basic requirements of notice pleading, much less FACTA's more specific requirements.[5] Although the *Shlahtichman* court declined to reach the issue of willfulness (2009 WL 4506535, at *2 ("[b]ecause Defendant did not violate FACTA, there is no need to consider whether Defendant's behavior was 'willful'")), the absence of this necessary element is an independent basis upon which to dismiss Plaintiff's Complaint in this action.

For these reasons, and as set forth more fully below, Plaintiff's one-count putative class action Complaint fails to state a claim under FACTA, and no amendment can cure this defect. Accordingly, Expedia respectfully requests the Court to grant the instant motion and dismiss Plaintiff's Complaint with prejudice.

## II.    BACKGROUND

Expedia is the leading online travel company in the world. Expedia is Internet-based, operating through an Internet website, www.expedia.com (¶ 2), where customers can purchase tickets for travel, make reservations for hotels and car rentals, and book vacation packages and cruises.

On June 9, 2009, Plaintiff commenced this putative class action against Expedia in Illinois state court. On July 10, 2009, Expedia removed the action to the U.S. District Court for the Northern District of Illinois and, subsequently, moved to dismiss the complaint for improper venue based on the forum selection clause in Expedia's user agreement. Rather than oppose Expedia's motion to dismiss, Plaintiff voluntarily dismissed his Illinois lawsuit and filed a nearly

---

[5] *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 49 (2007) (willfulness under FACTA requires that the defendant either know its conduct violates the statute, or the violation must be "so obvious that it should be known.") (citation and quotation omitted).

MOTION TO DISMISS
CLASS ACTION COMPLAINT
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

-3-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1   identical class action lawsuit in King County Superior Court on September 30, 2009, again

2   asserting a single violation of FACTA.  ¶ 27.  On October 26, 2009, Expedia timely removed to

3   this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and, on January 28, 2010, the Court

4   denied Plaintiff's motion to remand.

5        In his Complaint, Plaintiff alleges that, on September 23, 2008, he "received from

6   Defendant a computer-generated receipt displaying the expiration date of the Plaintiff's credit

7   card."  ¶ 18.  Plaintiff does not allege actual damages but, instead, seeks statutory and punitive

8   damages under FACTA's provision for "willful" violations, asserting that Expedia "recklessly"

9   violated FACTA.  ¶ 37.  Plaintiff seeks to represent a class of "all persons to whom Defendant

10  provided an electronically printed receipt at the point of transaction after June 3, 2008, which

11  receipt displayed the expiration date of the cardholder's credit card or debit card number." ¶ 20.

12  **III.   ARGUMENT**

13       **A.       Applicable Legal Standards**

14       To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide "more than labels

15  and conclusions, and a formulaic recitation of the elements of a cause of action;" rather, a

16  plaintiff must provide the grounds upon which its claim rests through factual allegations

17  sufficient "to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550

18  U.S. 544, 555 (2007).  A 12(b)(6) motion to dismiss should be granted if the complaint fails to

19  proffer enough facts to state a claim for relief that is "plausible" on its face.  *Id.* at 556-61, 570-

20  72.  The "plausibility" standard is not akin to a probability requirement, but asks for more than a

21  sheer possibility that defendant has acted unlawfully, and requires the plaintiff to plead *facts*

22  which would make a claim plausible and not just conceivable.  *See Ashcroft v. Iqbal*, 129 S. Ct.

23  1937, 1944, 1949 (2009); *Shlahtichman*, 2009 WL 4506535, at *1.

24       Plausibility is especially important in class actions "lest a plaintiff with a 'largely

25  groundless claim' be allowed to 'take up the time of a number of other people, with the right to

26  do so representing an *in terrorem* increment of the settlement value.'"  *Twombly*, 550 U.S. at

27  557-58, 559 (citations omitted) (discussing the "potentially enormous expense of discovery" in

MOTION TO DISMISS
CLASS ACTION COMPLAINT
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC                                    -4-                    WILSON SONSINI GOODRICH & ROSATI
                                                                        701 Fifth Avenue, Suite 5100
                                                                        Seattle, WA  98104-7036
                                                                        Tel: (206) 883-2500
                                                                        Fax: (206) 883-2699

1    complex class actions).  When a complaint fails to state a claim, that deficiency should be

2    "exposed at the point of minimum expenditure of time and money by the parties and the court."

3    *Id.* at 558 (quotation omitted).  Where, as here, the complaint has no basis in fact or law and

4    amendment is futile, the court can—and should—dismiss the complaint with prejudice.

5    *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (upholding dismissal

6    with prejudice for futility of amendment where facts plead fell outside the statutory scheme); *see*

7    *also Shlahtichman*, 2009 WL 4506535 (dismissing FACTA complaint with prejudice because

8    transmission of an electronically generated receipt via email is not covered by the statute);

9    *Turner v. Ticket Animal, LLC*, No. 08-61038-CIV, 2009 WL 1035241 (S.D. Fla. Apr. 16, 2009)

10   (same); *Zazzle.com*, 589 F. Supp. 2d 1345 (same); *Narson*, 2008 WL 2790211 (same).

11   **B.      Plaintiff Does Not Allege And Cannot Plead Any Violation Of FACTA**

12           FACTA was enacted in 2003 as an amendment to the Fair Consumer Reporting Act

13   ("FCRA").  FACTA provides, in pertinent part:

14           Except as otherwise provided in this subsection, no person that
             accepts credit cards or debit cards for the transaction of business
15           shall print more than the last 5 digits of the card number or the
             expiration date upon any receipt provided to the cardholder at the
16           point of the sale or transaction. ...

17           This subsection shall become effective –

18           (A) 3 years after December 4, 2003, with respect to any cash
             register or other machine or device that electronically prints
19           receipts for credit card or debit card transactions that is in use
             before January 1, 2005; and

20
             (B) 1 year after December 4, 2003, with respect to any cash
21           register or other machine or device that electronically prints
             receipts for credit card or debit card transactions that is first put
22           into use on or after January 1, 2005.

23   15 U.S.C. § 1681c(g).  To state a claim under FACTA in the absence of actual damages, a

24   plaintiff must plead and prove a "willful" violation of Section 1681c(g), which is punishable by

25

26

27

1    specified statutory "damages of not less than $100 and not more than $1000," as well as "such

2    amount of punitive damages as the court may allow."  15 U.S.C. §§ 1681n(a)(1)(A), (a)(2).[6]

3         In this case, Plaintiff does not plead any violation of FACTA, much less a willful one.

4    The defects in Plaintiff's allegations cannot be cured by amendment and, accordingly, Plaintiff's

5    Complaint should be dismissed with prejudice.

6         **1.    Plaintiff's Allegation That He Received A Computer Generated Receipt Does Not Support A Claim Under FACTA**

7

8         Under FACTA, businesses may not "*print* more than the last 5 digits of the card number

9    or the expiration date upon any receipt provided to the cardholder at the point of the sale or

10   transaction." 15 U.S.C. § 1681c(g) (emphasis added).  The overwhelming majority of courts to

11   consider the issue have held that FACTA's use of the word "print" does *not* encompass emailed

12   receipts but, rather, is limited to *paper* cash-register receipts provided directly to a customer at

13   the point of sale.  *See, e.g.*, *Shlahtichman*, 2009 WL 4506535, at *2-5 (dismissing FACTA

14   claims against Internet business because the plain language of FACTA does not encompass

15   claims based on emailed receipts).[7]  In fact, eight of the last nine decisions to reach this issue

16   _____

17   [6] Almost immediately after FACTA's effective date, scores of class action lawsuits alleging
     willful violations of the statute were filed against stores and restaurants nationwide.  Congress

18   responded to this flood of litigation in 2007 and 2008 by enacting the Clarification Act, which
     clarified the definition of willful noncompliance and exempted "any person who printed an

19   expiration date on any receipt provided to a consumer cardholder at a point of sale or transaction
     between December 4, 2004, and June 3, 2008, but otherwise complied with the requirements of

20   section 1681c(g) ...." 15 U.S.C. § 1681n(d).  Presumably, this amendment is the reason Plaintiff

21   purports to begin the class period on June 3, 2008.  *See* ¶ 20.

22   [7] *See also id.* at *3 (compiling cases:  *Ticket Animal*, 2009 WL 1035241, at *3 (S.D. Fla. Apr. 16,

23   2009) (holding that an e-mail order confirmation is not a printed receipt under FACTA); *Smith v. Under Armour, Inc.*, 593 F. Supp. 2d 1281, 1287 (S.D. Fla. Dec. 18, 2008) (holding that the plain

24   meaning of "print" does not coincide with "display on a computer screen"); *Zazzle.com*, 589 F. Supp. 2d at 1348 (S.D. Fla. Dec. 9, 2008) (holding that "the plain meaning of the unambiguous

25   term 'print' establishes that the Plaintiff does not have a cause of action under FACTA for [an] internet receipt"); *Grabein v. Jupiterimages Corp.*, No. 07-22288-CIV, 2008 WL 2704451, at *7

26   (S.D. Fla. July 7, 2008), *aff'd and adopted*, 2008 WL 2906866 (S.D. Fla. July 28, 2008) (holding that "print" under FACTA only refers to a "tangible, paper receipts"); *King v. MovieTickets.com,*

27   *Inc.*, 555 F. Supp. 2d 1339, 1342 (S.D. Fla. May 20, 2008) (same); *Haslam v. Federated Dep't*

(continued...)

**MOTION TO DISMISS**
**CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

-6-

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1   (and 5 of 6 since the Clarification Act) agree that "print," as used in FACTA, covers only

2   receipts printed on paper or another tangible medium.[8]  In this case, Plaintiff does not, and

3   cannot, allege that Expedia—an on-line Internet-only business—provided him with a paper

4   receipt and, accordingly, FACTA is inapplicable.

5       In *Shlahtichman*, the complaint, like Plaintiff's here, alleged a FACTA violation based on

6   the receipt of an email order confirmation that allegedly contained the expiration date of the

7   plaintiff's credit card.  2009 WL 4506535, at *2.  The *Shlahtichman* court found that e-mail

8   order confirmations were not entitled to protection under FACTA for two reasons.  "First, e-mail

9   order confirmations are not 'electronically printed' receipts under FACTA.  Second, an e-mail

10  order confirmation is not provided 'at the point of the sale or transaction' under FACTA."  *Id.*

11      Addressing the first point, the *Shlahtichman* court found "that the plain meaning of

12  'print' is to transfer information to paper." *Id.* at *3[9]; *see also Narson*, 2008 WL 2790211, at *5

13  (the "common and ordinary meaning of 'to print' is 'to produce text by applying ink to a tangible

14  medium, such as paper'") (citation and quotation omitted).  The court expressly rejected the

15  plaintiff's position that "print" meant "to display on a surface (as on a computer screen)," noting

16  that this particular definition was an alternate *sub-definition* associated with the verb "print out."

17  *Shlahtichman*, 2009 WL 4506535, at *3 (citation omitted).  Other courts have reached similar

18  conclusions.  In *Jupiterimages,* for example, the court held:

---

20  (...continued from previous page)
    *Stores, Inc.*, No. 07-61871-CIV, 2008 WL 5574762, at *4 (S.D. Fla. May 16, 2008) (same);
21  *Narson*, 2008 WL 2790211, at *6 (D. Ariz. May 5, 2008) (same)).

22  [8] The only decision issued after the effective date of the Clarification Act to reach a different
    conclusion is *Romano v. Active Network Inc.*, No. 09 C 1905, 2009 WL 2916838 (N.D. Ill. Sept.
23  3, 2009).  As explained below, the reasoning of *Romano* was subsequently expressly rejected by
    another judge of the same District in *Shlahtichman.*

24  [9] Citing *The American Heritage Dictionary Of The English Language* (4th ed. 2006), http://
25  education.yahoo.com/reference/dictionary/entry/print; *Collins Essential English Dictionary,* (2d
    ed. 2006), http://www.thefreedictionary.com/print; *Webster's New World College Dictionary,*
26  (4th ed. 2004), http://www.yourdictionary.com/print; *Oxford Dictionary Of English*, (11th ed.
    2008), http://www.oed.com/.

27

> In sum, the word 'print' does not encompass onscreen computer displays because 'print' only refers to a tangible, paper receipt. ... That is why [the plaintiff] had to *print* a copy of his receipt to get it off of his computer; it is why the machine used to transfer text from a computer to paper is called a *printer*; and it is why a judge who asks a law clerk to *print* a case does not intend for the clerk to merely display the case on his computer screen.

2008 WL 2704451, at *8 (emphasis in original).

Addressing the second point, the *Shlahtichman* court held that "an e-mail order confirmation is not provided 'at the point of the sale or transaction' under FACTA." 2009 WL 4506535 at *2. The court considered the relationship of the terms "print" and "point of sale or transaction" and found that the statute made sense when read to cover tangible paper receipts provided to customers in a store, but did not make sense in the context of "e-commerce." *Id.* at *5 (quoting *Jupiterimages*, 2008 WL 2704451 at *7 ("[t]here is no tangible 'point of sale or transaction' with respect to e-commerce")); *see also Under Armour*, 593 F. Supp. 2d at 1285-86 (same); *Narson*, 2008 WL 2790211 at *5 (same). The court's finding is supported by the ordinary use of the term "point of sale" or "POS," which "refers to the capturing of data and customer payment information *at a physical location* when goods or services are bought and sold. The POS transaction is captured using a variety of devices which include computers, cash registers, optical and bar code scanners, magnetic card readers, or any combination of these devices." *See* http://www.webopedia.com/TERM/p/point_of_sale.html (emphasis added).

*Shlahtichman* is not an outlier. Rather, the majority of courts before, and all but one since, the Clarification Act have refused to apply FACTA to emailed and on-line receipts.[10] For

---

[10] The *Shlahtichman* court distinguished the minority of cases that have extended FACTA liability to electronically displayed information, finding that the minority "generally presumes that Congress must have intended for FACTA to address the privacy risk of e-mail. That presumption is unfounded. At the time FACTA was passed, there existed numerous statutes protecting email and electronic documents." 2009 WL 5406535, at *3 n.2. Other courts have distinguished those cases because they failed to consider the plain meaning of the word "print" within the context of FACTA. *See, e.g., Zazzle.com*, 589 F. Supp. 2d at 1347 (distinguishing for failure to consider plain meaning of "print" in context); *Jupiterimages*, 2008 WL 2704451 at *5 (same, collecting cases).

MOTION TO DISMISS
CLASS ACTION COMPLAINT
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

-8-

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA 98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1  example, in *Zazzle.com*, a case involving a receipt that was "automatically displayed on the

2  [p]laintiff's computer screen after the transaction had occurred," the court found that "[t]he plain

3  meaning of the term 'print' is dispositive," and "unambiguously means the imprinting of

4  something on paper or another tangible surface."  589 F. Supp. 2d at 1346-47.  Because FACTA

5  uses the term "print," and also uses the phrases "point of sale" and "any cash register or other

6  machine or device" to describe the conduct subject to FACTA's requirements, the court found

7  that, as a whole, the statutory language "clearly evinces an intent that the term 'print' refer to the

8  merchant's imprinting of information on a paper receipt from a device such as a 'cash register' at

9  the 'point of sale.'"  *Id.* at 1348.

10          In *Narson*, the most recent decision within the Ninth Circuit to consider the application of

11  FACTA to Internet-based businesses, Judge Bolton from the District of Arizona dismissed a

12  FACTA complaint like Plaintiff's with prejudice.  The court held:  "The plain language of §

13  1681c(g) shows that it does not apply to a merchant's generation of an Internet webpage or the

14  onscreen display of information, which may be printed by the consumer on his or her own

15  printer."  2008 WL 2790211, at *6.[11]  In *Ticket Animal*, the complaint was dismissed with

16  prejudice where the plaintiff received an email order confirmation.  2009 WL 1035241.  Reading

17  the statute in context with its terms "point of the sale," "cash register or other machine or

18  device," and "handwriting or by an imprint or copy," the court was "compelled" to find that "the

19

20

21

22

---

23  [11]  The only case within the Ninth Circuit to apply FACTA to electronic receipts, *Vasquez-Torres*
    *v. Stubhub, Inc.*, No. CV 07-1328, 2007 U.S. Dist. LEXIS 63719 (C.D. Cal. July 2, 2007), was

24  issued nearly a year before the Clarification Act and failed to consider the full context of the
    statutory language when construing the term "print."  The court consulted dictionary definitions,

25  but did not recognize that other terms and phrases in the statute (such as "point of sale" and
    "cash register") shed light on Congress's intent that "print" should mean imprinting of

26  information on a tangible medium like paper.  *See Zazzle.com*, 589 F. Supp. 2d at 1347
    (distinguishing *Stubhub* and collecting other cases that also distinguished *Stubhub*).

27

1  plain and unambiguous meaning of 'print' [in FACTA] can only be to imprint onto paper or

2  some other tangible surface." *Id.* at \*3.[12]

3      In fact, of the six decisions to have considered the issue presented by this motion since

4  the Clarification Act's June 3, 2008 effective date, only *Romano v. Active Network Inc.*, 2009

5  WL 2916838 (N.D. Ill. Sept. 3, 2009), found that "print" as used in FACTA includes receipts

6  received by email or viewed on-line.  The reasoning of *Romano*, however, already has been

7  rejected within the District in which it issued.  Specifically, the *Shlahtichman* court recognized

8  that *Romano* was based on the same alternate definition of "print" rejected by the majority of

9  courts to decide the issue, and also failed to consider "print" in the context of "point of the sale

10 or transaction." *Shlahtichman*, 2009 WL 4506535, at \*3.  The court in *Romano* also placed great

11 weight on the "unfounded" "presum[ption] that Congress must have intended for FACTA to

12 address the privacy risk of e-mail." *See Shlahtichman*, 2009 WL 4506535, at \*3 n.2 (to the

13 contrary, "[a]t the time FACTA was passed, there existed numerous statutes protecting email and

14 electronic documents.").

15     Indeed, with the Clarification Act, Congress emphasized that the purpose of FACTA is to

16 "eliminate[] one avenue for these criminals to steal account numbers by prohibiting the printing

17 of full account numbers on paper receipts."  154 Cong. Rec. H3731 (daily ed. May 13, 2008)

18 (Statement of Rep. Bean).  FACTA's legislative history also demonstrates that the purpose of the

19 statute is to reduce the risk of identity theft from discarded paper sales slips given to customers

20

_____

21 [12] Notably, Section 1681c(g), the FACTA provision upon which Plaintiff relies, does not refer to
   the Internet or websites, even though such terms are used elsewhere in the statute. *See, e.g.*, 15
22 U.S.C. § 1681g(c)(1)(C)(ii) (FTC shall "conspicuously *post* on its *Internet website* the
   availability" of consumers' summary of rights to obtain and dispute information in consumer
23 reports); 15 U.S.C. § 1681g(e)(5)(D) (a business may decline to provide information related to a
   fraudulent transaction if it determines that "the information requested is *Internet* navigational
24 data or similar information about a person's visit to a *website* or *online service*") (emphasis
   added).  Congress's selective use of these terms further demonstrates that Plaintiff's
25 interpretation of FACTA is untenable. *See Oregon Natural Resources Council, Inc. v. Kantor*,
   99 F.3d 334, 339 (9th Cir. 1996) ("Congress is presumed to act intentionally and purposely when
26 it includes language in one section but omits it in another.") (citation and quotation omitted).

27

**MOTION TO DISMISS**
**CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

-10-

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1   in public retail establishments.  *See, e.g.*, *The Fair Credit Reporting Act and Issues Presented By*

2   *Reauthorization of the Expiring Preemption Provisions, Before the Comm. on Banking, Housing*

3   *and Urban Affairs*, 108th Cong., 78 (2003) (statement of Sen. Schumer) (advocating truncation

4   so that "the receipt, the part you discard, does not show the whole number on there so people

5   cannot go into the garbage can, pick it up, and duplicate your credit card number."); 149 Cong.

6   Rec. S1669-02, S1675 (daily ed. Jan. 28, 2003) (statement of Sen. Feinstein) (discussing related

7   bill S. 223, containing the same provision; truncation requirement "prevents identity thieves from

8   stealing credit card numbers by retrieving discarded receipts").  In contrast, *nothing* in FACTA's

9   legislative history suggests that Congress intended Section 1681c(g) to encompass digital or

10   electronic receipts made accessible to consumers over the Internet, which consumers may or may

11   not choose to print.  The legislative history contains no references to credit card information

12   displayed on a computer screen, threats to consumer data accessible over the Internet, or

13   references to on-line receipts.  Rather, the history repeatedly references "credit card machines"

14   and "cash registers," reflecting Congress's intent to cover hard copy paper sales slips printed by

15   merchants on point of sale devices in retail establishments.[13]

16        Notably, guidance published by the Federal Trade Commission, which is tasked with

17   enforcing FCRA (to which FACTA is an amendment, *see* 15 U.S.C. § 1681c(g)), supports a

18   construction of Section 1681c(g) limiting its application to paper receipts printed by merchants at

19

---

20   [13] *See, e.g.*, 149 Cong. Rec. S1669-02, S1675 (daily ed. Jan. 28, 2003) (statement of Sen.
     Feinstein) ("[T]he Identity Theft Prevention Act would require all new *credit-card machines* to

21   truncate any credit card number printed on a customer receipt.  Thus, when a *store* gives a
     customer a *receipt from a credit card purchase*, only the last five digits of the credit card number

22   will show."); 149 Cong. Rec. S134-02, S146 (daily ed. Jan. 9, 2003) ("By 18 months after
     enactment of this Act, all new *credit-card machines that print receipts* electronically shall not

23   print the expiration date or more than the last five digits of the customer's credit card number.");
     147 Cong Rec. S9078-01 (daily ed. Sept. 4, 2001) (statement of Sen. Feinstein) ("most *credit*

24   *machines* have a working life of approximately five years"); S. Rep. No. 108-166, at 30 (2003)
     (noting that merchants would have to make modifications to their systems, including "purchase

25   of new *printing devices*"); 147 Cong. Rec. S9078-01, S9079 (daily ed. Sept. 4, 2001) (statement
     of Senator Shelby) (Act would require "truncation of credit card account numbers on *print-out*

26   receipts") (emphasis added to all cites).

27

the point of sale on cash registers or other point of sale devices.  *See* FTC Business Alert, *Slip Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts*, May 2007, http://www.ftc.gov/bcp/edu/pubs/business/alerts/alt007.shtm.  The guidance contains no indication that FACTA's requirements apply to digital receipts made available to customers over the Internet.  To the contrary, the guidance refers to receipts as "slips"—a plain reference to "slips of paper."  This language reflects the FTC's view that FACTA's requirements apply only to paper receipts printed out by merchants and handed to customers.[14]

Here, Plaintiff's allegations make clear that Expedia—an Internet-based business—*did not print* Plaintiff's receipt.  Although Plaintiff alleges in the Complaint's "Preliminary Statement" that, "[o]n credit or debit card receipts provided at the point of sale or transaction, Defendant has printed the card expiration dates," (¶ 8), the lone factual allegation of the complaint reveals that Plaintiff—unlike the decisions cited herein—uses the word "print" to include the electronic display of a "computer-generated receipt" on Plaintiff's computer screen.  ¶ 18 ("Plaintiff received from Defendant a *computer-generated receipt* displaying the expiration date of the Plaintiff's credit card.") (emphasis added).  Plaintiff does not, and cannot, allege that Expedia ever actually printed a paper receipt or that Expedia "provided" such a receipt to him at the point of sale.  Because FACTA does not prohibit the email transmission of a receipt (as in this case), Plaintiff's Complaint is fatally deficient on its face.

## 2.     Plaintiff's Allegation Of "Recklessness" Is Insufficient To Plead A Willful Violation Of FACTA

As discussed above, Plaintiff's Complaint does not allege an actionable claim for violation of FACTA and, accordingly, the Court need not reach the issue of willfulness.  *See Shlahtichman*, 2009 WL 4506535, at *2 ("Because Defendant did not violate FACTA, there is

---

[14] As the agency tasked with enforcing FCRA, the FTC's interpretation is entitled to considerable deference.  *See Salazar v. Golden State Warriors*, 124 F. Supp. 2d 1155, 1159-60 (N.D. Cal. 2000) (relying on FTC interpretive regulations in construing FCRA (citing *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-44 (1984))).

**MOTION TO DISMISS**
**CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

-12-

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1    no need to consider whether Defendant's behavior was 'willful.'"); *Ticket Animal*, 2009 WL

2    1035241 (declining to address other grounds for dismissal once the court determined the email

3    order confirmation was not covered by FACTA).   Nonetheless, Plaintiff's failure to plead

4    willfulness is an independent basis on which to dismiss the Complaint, because Plaintiff does not

5    allege he suffered any actual damages.   Instead, he seeks the statutory and punitive damages

6    available under FACTA *only* to plaintiffs who plead and prove a willful violation.   ¶ 37; 15

7    U.S.C. § 1681n(a).   But Plaintiff's Complaint lacks *any* factual allegations pleading the required

8    willful violation by Expedia, much less plausible ones.   Plaintiff's Complaint is, thus, fatally

9    defective for this additional reason.

10          The Supreme Court recently clarified that "willfulness" for purposes of a FACTA

11   violation giving rise to statutory liability under 15 U.S.C. § 1681n requires "not only a violation

12   under a reasonable reading of the statute's terms, but ... that the company ran a risk of violating

13   the law substantially greater than the risk associated with a reading that was merely careless."

14   *Safeco*, 551 U.S. at 69 (2007).   For the risk to rise to the requisite level, the defendant must either

15   *know* that its conduct violates the statute, or the violation must be "'so obvious that it should be

16   known.'"   *Id.* at 49 (quoting *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)).   The defendant's

17   subjective intent is irrelevant to this determination; rather, the obviousness of the risk must be

18   evaluated objectively, in light of the statutory text and any relevant legal guidance.   *See id.* at 69-

19   70 & n.20 (concluding that given the "dearth of [agency and appellate court] guidance and the

20   less-than-pellucid statutory text," Safeco's incorrect reading of the statute was not objectively

21   unreasonable, a conclusion that could be drawn without need for further fact finding).

22          Here, Plaintiff blithely speculates that Expedia "recklessly disregarded FACTA's

23   requirements" (¶ 37), "willfully violated this law" (¶ 15), and "should have known of the

24   truncation requirement" (¶ 32), but he provides not a single supporting factual allegation.   *Not*

25   *one.*   Without any facts, Plaintiff's allegations are insufficient to state a claim under Rule 8,

26   much less under FACTA's requirement that the defendant must either know its conduct violates

27   the statute, or the violation must be "so obvious that it should be known."   *Safeco*, 551 U.S at 49

**MOTION TO DISMISS**
**CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC

-13-

**WILSON SONSINI GOODRICH & ROSATI**
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699

1   (quotation omitted); *see also Iqbal*, 129 S. Ct. at 1949 (Rule 8 requires the plaintiff to plead facts

2   that would make a claim plausible and not just conceivable).  Indeed, Plaintiff's complaint is

3   bereft of the types of factual allegations other courts have found sufficient to plead a willful

4   violation of FACTA.  *See, e.g.*, *Ehrheart v. Lifetime Brands, Inc.*, 498 F. Supp. 2d 753, 756

5   (E.D. Pa. 2007) (willfulness pleaded in case against non-Internet business where the plaintiff

6   alleged that, "in the past several years, VISA, MasterCard, the PCI Security Standards Council,

7   companies that sell cash registers and other devices for processing credit and debit card

8   payments, and other entities have all informed Defendant of the requirements of FACTA and

9   Defendant's need to comply with FACTA"); *Steinberg v. Stitch & Craft, Inc.*, No. 09-60660-

10  CIV, 2009 WL 2589142, at *2 (S.D. Fla. Aug. 18, 2009) (willfulness pleaded against non-

11  Internet business where "major credit card companies 'notified the merchants, including the

12  Defendant,'" of FACTA's prohibition and that it required compliance).

13          In short, Plaintiff's "unadorned, the defendant-unlawfully-harmed-me accusation" fails to

14  proffer any facts that would allow the Court "to draw the reasonable inference that [Expedia] is

15  liable for the" alleged willful violation of FACTA.  *Iqbal*, 129 S. Ct. 1937, 1949, 1953; *see also*

16  *Twombley*, 550 U.S. at 556-57 (factual allegations must be "plausible").  This omission is fatal,

17  particularly in combination with FACTA's plain language, which fails to give *any* indication that

18  its requirements apply to receipts emailed by Internet-based businesses, much less an indication

19  that would foreclose other reasonable readings.  *See Safeco*, 551 U.S. at 70 n.20 ("Where, as

20  here, the statutory text and relevant court and agency guidance allow for more than one

21  reasonable interpretation, it would defy history and current thinking to treat a defendant who

22  merely adopts one such interpretation as a knowing or reckless violator."); *see also Wojtczak v.*

23  *Chase Bank USA, N.A.*, No. 06-C-987, 2007 WL 4232995, at *4 (E.D. Wis. Nov. 27, 2007)

24  (violation was not willful because several previous decisions had held the challenged conduct did

25  not violate FCRA).  Simply put, it is not "plausible" that Expedia's alleged statutory violation

26  was "so obvious that it should be known" to Expedia, when the vast majority of federal judges

27  have held that the exact same conduct alleged here does *not* violate FACTA.  *See*

1  *MovieTickets.com*, 555 F. Supp. 2d at 1342-43 (no willfulness because interpreting FACTA as

2  inapplicable to e-mails was objectively reasonable).[15]  Accordingly, Plaintiff does not allege, and

3  cannot plead, a willful violation of FACTA, foreclosing statutory damages or any recovery at all

4  under the statute.

5  **IV.   CONCLUSION**

6      For the foregoing reasons, Expedia respectfully requests that the Court dismiss the

7  Complaint in its entirety with prejudice.

8  Dated:  February 17, 2010

9                                 s/ Britton F. Davis
                                 Marissa G. Walker, WSBA #40886
10                               Britton F. Davis, WSBA #39523
                                 **WILSON SONSINI GOODRICH & ROSATI**
11                               Professional Corporation
                                 701 Fifth Avenue, Suite 5100
12                               Seattle, WA  98104-7036
                                 Telephone:  (206) 883-2500
13                               Facsimile:  (206) 883-2699
                                 Email:  mgwalker@wsgr.com
14                               Email:  bdavis@wsgr.com

15                               *– and –*

16                               Rodney Strickland, *Pro Hac Vice*
                                 **WILSON SONSINI GOODRICH & ROSATI**
17                               Professional Corporation
                                 650 Page Mill Road
18                               Palo Alto, CA  94304-1050
                                 Telephone:  (650) 493-9300
19                               Facsimile:  (650) 493-6811
                                 Email:  rstrickland@wsgr.com

20

21                               *Attorneys for Defendant*
                                 Expedia, Inc.

22  ─────────────────────
    [15] Indeed, applying FACTA in this context would violate Expedia's due process rights because
23  Expedia had no fair notice that FACTA would apply to onscreen displays of emailed receipts.
    *See, e.g.*, *Forbes v. Napolitano*, 236 F.3d 1009, 1011 (9th Cir. 2000) (due process "guarantees
24  individuals the right to fair notice of whether their conduct is prohibited by law."); *United States
    v. Diaz*, 499 F.2d 113, 114 (9th Cir. 1974).  To the contrary, as discussed herein, the clear
25  majority of courts (and better reasoned decisions) all hold that FACTA does *not* encompass
    emailed receipts but, rather, is limited to *paper* cash-register receipts provided directly to a
26  customer at the point of sale.  *See, e.g.*, *Shlahtichman*, 2009 WL 4506535, at *3 (compiling
    cases).
27

**MOTION TO DISMISS**
**CLASS ACTION COMPLAINT**
CASE NO.: 09-CV-1517-RSL
3816714_9.DOC                         -15-                    **WILSON SONSINI GOODRICH & ROSATI**
                                                             701 Fifth Avenue, Suite 5100
                                                             Seattle, WA  98104-7036
                                                             Tel: (206) 883-2500
                                                             Fax: (206) 883-2699

1

## CERTIFICATE OF SERVICE

2

I hereby certify that on February 17, 2010 I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4

following:

5          David E. Breskin
           Breskin Johnson & Townsend PLLC
6          1111 Third Avenue, Suite 2230
           Seattle, WA  98101
7
           Jonathan Irwin
8          Anderson & Wanca
           3701 Algonquin Road, Suite 760
9          Rolling Meadows, IL  60008

10

and I hereby certify that I will cause to be mailed by United States Postal Service the document

11

to the following non CM/ECF participants:

12
           Phillip A. Bock
13         Bock & Hatch, LLC
           134 North LaSalle Street, Suite 1000
14         Chicago, IL  60602

15

16

Dated:  February 17, 2010

17

18                                             s/ Britton F. Davis
                                               Britton F. Davis
19

20

21

22

23

24

25

26

27

CERTIFICATE OF SERVICE
CASE NO.: 09-CV-1517- RSL
3816714_9.DOC

WILSON SONSINI GOODRICH & ROSATI
701 Fifth Avenue, Suite 5100
Seattle, WA  98104-7036
Tel: (206) 883-2500
Fax: (206) 883-2699